FILED
SUPERIOR COURT
OF GUAM

2014 MAR 24 PM 4:38

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM,<br><br>v.<br><br>HEN HENRY, a.k.a. Robby Hen,<br>HELPME ROBY, a.k.a. Omni Please,<br>GIBSON BILLIAS, a.k.a. Gypson Billuk,<br>BETEWEN HENRY, a.k.a. Fetin Henry, and<br>ORATUCH HENRY, a.k.a. Henry Oratuch,<br><br>Defendants. | CRIMINAL CASE NO. CF 0682-13<br><br>**DECISION AND ORDER** |
| --- | --- |

This matter came before the Honorable Arthur R. Barcinas on March 21, 2014, on Defendant Helpme Roby's Motion to Suppress Statements and Derivative Evidence. Attorney Terence E. Timblin represents Defendant Roby and Assistant Attorney General Elizabeth Vasiliades represents the Government. For the reasons set forth below, this Court denies Defendant Roby's Motion to Suppress Statements and Derivative Evidence.

Per the Superseding Indictment filed on March 13, 2014, Defendant Roby is charged with several counts of criminal sexual conduct in relation to the alleged sexual assault of two minors on December 14, 2013. On December 17, 2013, in response to questioning by an officer of the Guam Police Department, Defendant Roby made oral and written inculpatory statements. On January 24, 2014, Defendant Roby filed his Motion to Suppress Statements and Derivative Evidence pursuant to 8 G.C.A. § 65.15. On February 20, 2014, the Government filed its Opposition. On March 21, 2014, this Court heard testimony and took the matter under advisement.

The Fifth Amendment of the United States Constitution provides the privilege against self-incrimination. People v. Hualde, 1999 Guam 3, ¶ 20 (citing Miranda v. Arizona, 384 U.S.

436, 460–461 (1966)). Admissibility of a statement made during custodial interrogation turns on whether the police warned the suspect of the following: that he has the right to remain silent; that anything he says can be used against him in a court of law; that he has the right to the presence of an attorney; and that, if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires. People v. Rasauo, 2011 Guam 1, ¶ 16 (quoting Miranda, 384 U.S. at 479) (internal quotations omitted).

Testimonial evidence that is a product of custodial interrogation is inadmissible unless a defendant waived the privilege against self-incrimination. People v. Sangalang, 2001 Guam 18, ¶ 12 (citations omitted) A valid waiver must be voluntary, knowing, and intelligent. Id. The Government bears the burden to prove, by a preponderance of the evidence, the validity of a waiver. Rasauo, 2011 Guam 1, ¶ 16. This Court examines the totality of circumstances to discern the voluntary, knowing, and intelligent nature of a Miranda waiver. People v. Angoco, 2007 Guam 1, ¶ 37 (citing Sangalang, 2001 Guam 18, ¶ 13). Moreover, one's waiver "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Angoco, 2007 Guam 1, ¶ 37 (quoting Hualde, 1999 Guam 3, ¶ 30).

It is undisputed that Defendant Roby was advised of his Miranda rights and signed a custodial interrogation form indicating that he understood and waived his rights. It is likewise undisputed that Defendant Roby made oral inculpatory statements in English as well as a written inculpatory statement in his native Chuukese. Defendant Roby, however, contends that the he did not understand the meaning of the custodial interrogation form because it was not translated into Chuukese. He further contends that a police officer threatened to beat him and pushed his head during the interrogation. Defendant Roby also argues that the statements he "gave to the police officers were not true and were only made because [he] feared that [he] would be physically harmed" if he did not make the statements. Accordingly, Defendant Roby seeks to suppress the statements because they were not made voluntarily. In addition, Defendant Roby seeks to suppress clothing confiscated from him as well any results of tests conducted on the clothing.

The Government argues that Defendant Roby communicated in English throughout his interactions with the police, validly waived his Miranda rights, and voluntarily made the

statements. The Government therefore concludes that suppression of Defendant Roby's statements and clothing is unwarranted.

The Government introduced testimony from two police officers, a police dispatcher, a probation officer, a social worker, and the Clerk of Court. The officers testified that no force or threat of force was employed against Defendant Roby at any time. The officers further testified that Defendant Roby spoke to them in English without requesting an interpreter and, based on his speech, mannerisms, and behavior, he understood the English language throughout their interactions. The arresting officer indicated that no questioning occurred until Defendant Roby waived his rights, with the officer reading each line and verifying that Defendant Roby understood each item, and that Defendant Roby gave the written statement in Chuukese because he cannot write in English. The officers and the police dispatcher testified that the officers enlisted the dispatcher to translate the written Chuukese statement for them. The dispatcher had done such translations in the past, and verified the statement's inculpatory substance. The probation officer testified that she briefly interviewed Defendant Roby in English, that he did not request an interpreter, and that she would have utilized an interpreter if it appeared one was necessary. The social worker testified that, when Defendant Roby was a client of hers in 2011 and 2012, they interacted in English and never required an interpreter. Finally, the Clerk of Court outlined translation services for court hearings and indicated that such services are available upon a defendant's request. Defendant Roby did not request an interpreter at his arraignment, while one of his co-defendants made such a request and was afforded one.

Defendant Roby testified through an interpreter that he does not understand the concept of a waiver, did not understand his rights, understands very little English, and concocted his statements out of fear and in response to an officer pushing his head.

The Court is mindful that Defendant Roby was born on Chuuk and received limited education. However, "'[a] trial judge [. . .] is in the best position to weigh and determine the credibility of the evidence received at a suppression hearing.'" People v. Farata, 2007 Guam 8, ¶ 25 (quoting People v. Santos, 1999 Guam 1, ¶ 19). In the instant case, the Government elicited evidence from multiple witnesses who confirmed Defendant Roby's ability to communicate in English. Based on the unanimity regarding Defendant Roby's English, it is apparent that he understood the custodial interrogation form when he signed it and understood his conversation with the officers. Moreover, just as there is an absence of testimony as to the necessity of a

Chuukese interpreter for his communication, there is no evidence to support Defendant Roby's allegation of coercion or to contradict the officers' credible testimony that he freely wrote his statement. In view of the totality of the circumstances, the Court concludes that the Government has demonstrated, by a preponderance of the evidence, that Defendant Roby made a voluntary, knowing, and intelligent waiver. Defendant Roby's Motion to Suppress Statements and Derivative Evidence is denied.

**IT IS SO ORDERED** MAR 3 1 2014 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the Original hereto was placed in the court box of

AG, PDSO, DMF
Probation

Date:_____ Time:_____

Deputy Clerk, Superior Court of Guam